IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WILLIAM ROBERTS WILSON, JR., and
ROBERTS WILSON, JR., P.C., Successor to
WM. ROBERTS WILSON, JR., P.A.                                                PLAINTIFFS

V.                                                           CIVIL ACTION NO. 3:09CV006-B-A

RICHARD F. SCRUGGS, RICHARD F. SCRUGGS, P.A.,
SMBD, INC. f/k/a SCRUGGS, MILLETTE, BOZEMAN
AND DENT, P.A., SLF, INC. f/k/a THE SCRUGGS LAW
FIRM, P.A., EDWARD J. PETERS, STEVEN A. PATTERSON,
TIMOTHY BALDUCCI, DAVID ZACHARY SCRUGGS, AND
JOHN DOES 1 - 10                                                             DEFENDANTS

**SPECIAL APPEARANCE AND RESPONSE TO PLAINTIFFS'
MOTION FOR PRESERVATION AND RETENTION OF DOCUMENTS**

COMES NOW, the United States of America, by and through Jim M. Greenlee, United States Attorney for the Northern District of Mississippi, and specially appears[1] pursuant to the Order of this Court (Docket Number 55) to respond to Plaintiffs' Motion for Preservation and Retention of Documents.[2]

Plaintiffs have filed a Motion in this private civil action requesting this Court to order the United States of America and the Federal Bureau of Investigation to preserve and retain certain documents that were created and/or obtained during the course of federal criminal investigations.

---

[1] The United States makes only a "special appearance" herein as it is not a party to this litigation, has not been served with process in the captioned case, and is not subject to the *in personam* jurisdiction of the Court. In making this appearance, the United States in no way waives any of its Fed. R. Civ. P. Rule 12(b) defenses, specifically, lack of personal jurisdiction (R. 12(b)(2)), insufficiency of process (R. 12(b)(4)), insufficiency of service of process (R. 12(b)(5)), failure to state a claim upon which relief can be granted (R. 12(b)(6)), and failure to join a party under Rule 19 (R. 12(b)(7)).

[2] It is worth noting that the United States of America, the only party against whom the Plaintiffs seek any form of relief in their Motion, was never served with a copy of the Motion, neither formally nor informally, and would have had no knowledge of Plaintiffs' attempt to alter its rights, but for the Order to Respond forwarded to this office by the Court.

In addition to the request to preserve and maintain the documents, as the Motion is styled, in their prayer for relief the Plaintiffs actually ask the Court to order the United States to "deliver to plaintiffs' attorneys copies of all documents."[3] The United States objects not only to the relief sought, but also to the avenue through which Plaintiffs seek to obtain it.

It is a well-settled principle of American jurisprudence that "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." Martin v. Wilks, 490 U.S. 755, 761 (1989) (citing Hansberry v. Lee, 311 U.S. 32, 40 (1940)). The Supreme Court has further stated that "[u]nless duly summoned to appear in a legal proceeding, a person not a privy may rest assured that a judgment recovered therein will not affect his legal rights." Chase Nat'l Bank v. City of Norwalk, 291 U.S. 431, 441 (1934).

The United States of America was not named in the instant civil lawsuit among private parties – neither through the United States Attorney's Office nor through the Federal Bureau of Investigation – and has not been made a party by service of process. Therefore, for this Court to grant Plaintiffs' Motion and order the United States of America to preserve and produce the documents requested would run counter to established principles of Supreme Court and American jurisprudence.

If the Court, however, were to find it proper to rule on the substance of Plaintiffs' Motion, the United States would respectfully submit that production of the documents requested would be improper for a number of reasons.

---

[3] This request mirrors a similar request made through a subpoena duces tecum in a separate civil forfeiture action. *See* United States of America v. $425,000 in U.S. Currency, Civil Action No. 3:08cv137-S-A (N.D. Miss. 2009).

2

It is clear that the Plaintiffs' have filed this Motion in an attempt to circumvent the Federal Rules of Civil Procedure regarding discovery. As a preliminary matter, Fed. R. Civ. P. 26(d)(1) prohibits a party from seeking discovery "from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by [the] rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The Rule 16.1(A) Initial Order entered in this matter (Docket Number 53) reflects a Case Management Conference date of September 29, 2009, with an attorney conference of twenty-one (21) days prior. Because that Rule 26(f) Attorney Conference has not yet occurred, Plaintiffs are precluded from seeking discovery from any source at this juncture.

Further, in a related civil forfeiture action, wherein these same plaintiffs have filed a subpoena for these identical documents, Magistrate Judge Allan Alexander has entered an order staying discovery, except as it relates to the Claimants' standing,[4] and thus prohibiting the Plaintiffs from pursuing their subpoena of these documents through that avenue. They should not be allowed to make an end-run around the Rules and another court's order by seeking this Court to Order preservation and production.

Alternatively, 28 C.F.R. §§ 16.21 through 16.29 (hereinafter "Touhy regulations") govern Department of Justice employees in their production or disclosure of information. These regulations set forth policies and procedures of the Department with respect to testimony of its employees and the production of documents in legal proceedings. The promulgation of these regulations was authorized in 5 U.S.C. § 301, and that authority has been upheld by the United States Supreme Court. <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951).

---

[4] The standing issue has been fully briefed and is currently pending before the Court.

3

Section 16.22(a) states a general prohibition against production of materials by a Department of Justice employee in cases in which the United States is not a party, as in the current proceeding. Section 16.22(b) requires, when a demand is made, the United States Attorney to follow the procedures for possible disclosure set forth in § 16.24. Section 16.24 states that "[w]henever a matter is referred . . . to a U.S. Attorney . . . the responsible official shall immediately advise the official in charge of . . . the Department that was responsible for the collection, assembly, or other preparation of the material demanded." After consultation with the originating agency (in this case, the Federal Bureau of Investigation), the Department may authorize the production if:

> (1) There is no objection after inquiry of the originating component;
> (2) The demanded disclosure, in the judgment of the responsible official, is appropriate under the factors specified in § 16.26(a) of this part; and
> (3) None of the factors specified in § 16.26(b) of this part exists with respect to the demanded disclosure.

28 C.F.R. § 16.24(b). In the instant case, this office has consulted with the originating agency, the FBI, which has objected to the production, thus prohibiting its disclosure under subsection (1). Disclosure is further prohibited in that the responsible official does not find it appropriate under § 16.26(a), and multiple factors specified in § 16.26(b) prohibit disclosure.

Specifically, as to § 16.26(a), the responsible official is of the opinion that disclosure is inappropriate at this juncture of the proceeding under the Federal Rules of Civil Procedure, as outlined above. In addition to disclosure being inappropriate under the rules of procedure, substantive laws regarding privilege deem production of at least a portion of the records requested likewise inappropriate.

4

Furthermore, subsection (b) mandates that disclosure "not be made" in a case where any of the enumerated factors exist. In the instant case, the existence of the factors specified in §§ 16.26(b)(1) and (5) mandate non-disclosure. Section 16.26(b)(1) prohibits disclosure that would "violate a statute . . . or rule of procedure, such as the grand jury secrecy rule." There is no question that production of the documents requested by the Plaintiffs in this action would violate both 5 U.S.C. 552a (the "Privacy Act") as well as Fed. R. Crim. P. 6(e), regarding grand jury secrecy. In fact, a large portion of the documents specifically requested in their motion are transcripts of grand jury testimony from various witnesses.

In addition to the prohibition of § 16.26(b)(1), disclosure is likewise prohibited by § 16.26(b)(5). Section 16.26(b)(5) dictates that disclosure should not be made when doing such would "reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." Both the originating agency and the responsible official agree that to produce the records indicated in Plaintiffs' motion would violate this subsection.

The Department of Justice and the United States Attorney's Office maintains its own system of internal procedures for the preservation and retention of documents, which it must and will continue to follow with respect to the documents requested herein. For the Plaintiffs to seek to alter those procedures for their own benefit is only an attempt to make an end-run around discovery restrictions in this case and others, through a proceeding to which the United States has not even been made a party. Such a request is counter to established precedent, and it also violates the regulations established to guide the Department in just such a situation.

5

For the foregoing reasons, and based upon the authorities cited herein, the United States of America respectfully requests that this Court deny the Plaintiffs' Motion to Order Preservation and Retention of Documents and all other relief requested therein.

Respectfully submitted,

JIM M. GREENLEE (MSB# 5001)
United States Attorney

By: *[signature]*

RALPH M. DEAN, III (MSB# 6010)
Assistant United States Attorney
900 Jefferson Avenue
Oxford, Mississippi 38655
ralph.dean@usdoj.gov
(662) 234-3351 - telephone
(662) 234-3318 - facsimile
