**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

| | |
|---|---|
| WILLIAM ROBERTS WILSON, JR., and ROBERTS WILSON, JR., P.C., successor to WM. ROBERTS WILSON, JR., P.A. | PLAINTIFFS |
| V. | NO. 3:09-CV-006-NBB-SAA |
| RICHARD F. SCRUGGS, RICHARD F. SCRUGGS, P.A., SMBD, INC. f/k/a SCRUGGS LEGAL, P.A. f/k/a SCRUGGS, MILLETTE, BOZEMAN AND DENT, P.A., SLF, INC. f/k/a THE SCRUGGS LAW FIRM, P.A., EDWARD J. PETERS, STEVEN A. PATTERSON, TIMOTHY BALDUCCI, DAVID ZACHARY SCRUGGS, and JOHN DOES 1-10 | DEFENDANTS |

**SCRUGGS DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
TO ORDER PRESERVATION AND RETENTION OF DOCUMENTS**

Defendants Richard F. Scruggs, Richard F. Scruggs, P.A., SMBD, Inc., SLF, Inc., and David Zachary Scruggs (the "Scruggs Defendants") respond as follows to Plaintiffs' Motion to Order Preservation and Retention of Original Documents (Dkt. No. 54) (the "Motion"):

1.  Plaintiffs have filed the Motion, seeking "an order directing the preservation and retention of original documents" in the custody of the United States Attorney's Office and/or the Federal Bureau of Investigation, as suggested by its title. Plaintiffs then request, in their prayer for relief, that this Court "order both the United States Attorney's office and the Mississippi office of the Federal Bureau of Investigation to deliver to plaintiffs' attorneys copies of all documents in their possession related to the conspiracy to bribe [Bobby] DeLaughter . . .".

2.  The Scruggs Defendants have no objection to the preservation and retention of original documents to the extent the United States Attorney and/or the FBI created those documents as part of their normal investigative and prosecutorial work (*i.e.*, FBI 302 statements and grand jury

transcripts). However, the Scruggs Defendants object to Plaintiffs' request to the extent it relates to documents which were obtained from and belong to the Scruggs Defendants and/or their former legal counsel. The Scruggs Defendants further object to the Motion to the extent Plaintiffs seek immediate production of a copy of any documents identified in the Motion.

3. In 2007, pursuant to search warrant, the FBI took approximately 90 boxes of documents from the Langston Law Office in Booneville, Mississippi. Many of the documents relate to various legal actions involving some of the Scruggs Defendants. Only a portion of the documents obtained from the Langston Law Office relate to the litigation between Plaintiffs and some of the Scruggs Defendants previously pending in Hinds County Circuit Court and the United States District Court for the Southern District of Mississippi. The Scruggs Defendants understand that, at this time, the FBI retains custody of approximately 6-10 boxes obtained by the search warrant, with the balance of the boxes already released to the Langston & Lott Law Firm.

4. The Scruggs Defendants object to the continued retention of the originals and any copies of the documents obtained from the Langston Law Office pursuant to a search warrant, except as required by the United States Attorney and the FBI for purposes of concluding their investigations and/or prosecutions. Upon completion of their investigations and prosecutions, the United States Attorney and the FBI should release these documents to the Langston & Lott Law Firm, consistent with their normal practices and procedures.

5. The Scruggs Defendants further object to the production of these documents to Plaintiffs because Plaintiffs' discovery efforts (in the guise of the Motion) are premature. Fed. R. Civ. Pro. 26(d)(1) prohibits all discovery before the parties conduct the Rule 26(f) attorney conference.

The attorneys in this matter have not yet conducted their attorney conference. Therefore, Plaintiffs' efforts to engage in discovery are premature and improper.

6. Furthermore, Rule 45 provides the method and procedure for obtaining documents from non-parties. Plaintiffs have not served subpoenas on the United States Attorney or the FBI as part of this action.[1] Thus, Plaintiffs have not provided the Scruggs Defendants an opportunity to object to the document requests, to seek to quash the subpoenas or to obtain a protective order. Due to the nature of the documents taken by the FBI pursuant to the search warrant, the Scruggs Defendants will likely have objections based on a variety of grounds, including the attorney-client privilege and the work product immunity doctrine. However, until Plaintiffs properly serve subpoenas pursuant to Rule 45 or document requests pursuant to Rule 34, the Scruggs Defendants will not have a chance to determine if objections exist and to raise and preserve those objections.

7. This Court should deny the Motion to the extent Plaintiffs seek to force the United States Attorney and the FBI retain the documents obtained from the Langston Law Firm pursuant to warrant beyond the conclusion of their investigation. This Court should deny the Motion to the extent Plaintiffs seek the production of any documents. Alternatively, if this Court does order production of any documents to Plaintiffs, this Court should also order the United States Attorney and the FBI to produce a similar set of documents to the Scruggs Defendants.

8. In support of this Response, the Scruggs Defendants rely on the pleadings and other papers filed of record in this matter.

---

[1] Unknown to the Scruggs Defendants until Plaintiffs filed the Motion, Plaintiffs have apparently attempted to obtain these same documents through subpoenas served on the United States Attorney and the FBI in another proceeding. Plaintiffs have never served the Scruggs Defendants with a copy of those subpoenas. The Scruggs Defendants do not know the breadth or scope of the document requests in those subpoenas.

WHEREFORE, PREMISES CONSIDERED, the Scruggs Defendants request that this Court (I) deny Plaintiffs' Motion to Order Preservation and Retention of Original Documents to the extent it relates to documents obtained pursuant to search warrant from the Langston Law Firm, (ii) deny the Motion to the extent it seeks production of any documents, and (iii) alternatively, require the United States Attorney and the FBI to provide the Scruggs Defendants with a copy of any documents produced to Plaintiffs. The Scruggs Defendants request such other relief from the Court as may be appropriate under the circumstances.

THIS, the 26th day of August, 2009.

Respectfully submitted,

RICHARD F. SCRUGGS, RICHARD F. SCRUGGS, P.A., SMBD, INC., SLF, INC., and DAVID ZACHARY SCRUGGS

  /s/ J. Cal Mayo, Jr.
GERALD H. JACKS (MB NO. 3232)
J. CAL MAYO, JR. (MB NO. 8492)
POPE S. MALLETTE (MB NO. 9836)
JAMIE FERGUSON JACKS (MB NO. 101881)
PAUL B. WATKINS, JR. (MB NO. 102348)

*Attorneys for Scruggs Defendants*

OF COUNSEL:

Jacks, Adams & Norquist
150 North Sharpe Avenue
Post Office Box 1209
Cleveland, Mississippi 38732   Telephone: (662) 843-6171

MAYO MALLETTE PLLC
2094 Old Taylor Road
5 University Office Park
Post Office Box 1456
Oxford, Mississippi  38655
Telephone: (662) 236-0055

## CERTIFICATE OF SERVICE

I, J. CAL MAYO, JR., one of the attorneys for the Scruggs Defendants, do certify that I have electronically filed the foregoing document with the Clerk of the Court using the ECF system, which forwarded a copy of same to the following:

| | | |
|---|---|---|
| Charles M. Merkel , Jr.<br>P. O. Box 1388<br>Clarksdale , MS 38614-1388 | Cynthia I. Mitchell<br>P. O. Box 1388<br>Clarksdale , MS 38614-1388 | Vicki R. Slater<br>P.O. Box 23981<br>Jackson , MS 39225-3981 |
| Michael D. Greer<br>P.O. Box 907<br>Tupelo, MS 38802 | Judson M. Lee<br>P. O. Box 2629<br>Madison, MS 39130-2629 | |

and do certify that I have mailed the document by United States Mail, postage fully prepaid, to the following non-ECF participants:

William B. Kirksey
Kirksey & Associates
P. O. Box 33
Jackson , MS 39205-0033

*Attorney for Plaintiff*

Timothy Balducci
#12739-042
Satellite Camp -Unit F
P.O. Box 699
Estill, SC  29918

*Defendant*

THIS, the 26th day of August, 2009.

                                                                          */s/ J. Cal Mayo, Jr.*
                                                                          J. CAL MAYO, JR.