IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

WM. ROBERTS WILSON, JR. AND                                         PLAINTIFFS
ROBERTS WILSON, JR., P.C. successor to
WM. ROBERTS WILSON, JR., P.A.

VS.                                        CIVIL ACTION NO. 3:09CV006-NBB-SAA

RICHARD F. SCRUGGS,                                                  DEFENDANTS
RICHARD F. SCRUGGS, P.A.,
SMBD, INC. f/k/a SCRUGGS LEGAL, P.A.
f/k/a SCRUGGS, MILLETTE, BOZEMAN AND DENT, P.A.,
SLF, INC. f/k/a THE SCRUGGS LAW FIRM, P.A.,
EDWARD J. PETERS,
STEVEN A. PATTERSON,
TIMOTHY BALDUCCI,
DAVID ZACHARY SCRUGGS, and
JOHN DOES 1-10

**PLAINTIFFS' OPPOSITION TO SCRUGGS DEFENDANTS'
RESPONSE TO PLAINTIFFS' MOTION FOR PRESERVATION
AND RETENTION OF DOCUMENTS**

COME NOW the Plaintiffs, Wm. Roberts Wilson, Jr., and Roberts Wilson, Jr., P.C. (hereafter referred to as "Wilson" or "the plaintiffs"), by and through their attorneys, and in opposition to the Scruggs Defendants' Response to Plaintiffs' Motion for Preservation and Retention of Documents, state as follows:

1.      At the outset, plaintiffs would withdraw their request for relief in the form of any production of documents at this time.  At the time of the filing of Plaintiffs' Motion to Order Preservation and Retention of Documents, the plaintiffs had served upon the United States Attorney's office and the Federal Bureau of Investigation subpoenas issued in a related cause styled *United States of America v. $425,000 In U.S. Currency* Cause No. 3:08CV137 (hereinafter the "425,000 case").  Anticipating that questions might arise as to the production of certain of the materials subpoenaed, plaintiffs sought to maintain the status quo of such documents as they had been assembled by the United States Attorney's office and the Federal Bureau of Investigation in their prosecution of the conspiracy to bribe Hinds County Circuit Judge Bobby DeLaughter.

Inasmuch as the subpoena in the $425,000 case was outstanding, plaintiffs' motion to order the preservation and retention of documents requested that the originals of all documents be retained and preserved and that only copies thereof be produced in response to plaintiffs' subpoena.

2. Inasmuch as the DeLaughter plea of guilty has not become final and accordingly the United States Attorney's office has not necessarily completed its prosecution of DeLaughter, any attempt to deal with the outstanding subpoenas is premature. Clearly under the "Touhy Regulations," those documents are not subject to production while the prosecution is ongoing. For that reason, plaintiffs, prior to the entry of the United States' special appearance herein, reached an agreement with the United States Attorney's office to hold in abeyance any action on the subpoenas until at least October 31, 2009, at which time negotiations will be undertaken to determine what if any of the documents in question are producible.

3. The Scruggs defendants' response states that "the defendants have no objection to the preservation and retention of original documents to the extent the United States Attorney and/or the FBI created those documents . . ." The Scruggs defendants however did object to plaintiffs' requests for retention to the extent they relate to documents obtained from the Scruggs defendants and/or their former legal counsel. Scruggs argues that only a portion of the documents obtained from the Langston law office relate to the litigation between plaintiffs and the Scruggs defendants, and that in fact only approximately 6-10 boxes of the 90 boxes originally obtained from the Langston law office in Boonville, Mississippi, are presently retained by either the FBI or the United States Attorney's office.

4. Plaintiffs indeed do not want any documents which do not pertain or relate to the litigation between plaintiffs and the Scruggs defendants and their attempt to bribe DeLaughter. It is in fact those very documents which plaintiffs ask the Court to order the United States Attorney and the FBI to retain upon completion of their investigation and prosecution, until further order of this Court. At that time all issues concerning the ownership of the documents in question, questions of attorney/client privilege, questions of whether evidence of criminal

activity is protected by the attorney/client privilege, and the application of the Touhy Regulations can be presented to the Court for determination. Plaintiffs simply ask at this time that the documents be retained so that risk of destruction and spoilation is eliminated until such time as a proper disposition of the documents can be made by the Court considering the ownership of the documents, attorney/client privilege questions, the timeliness and appropriateness of the subpoenas for such documents, the applicability of the Touhy Regulations to such documents, and any other questions which may be properly raised. In short, no harm can be alleged to result from the Court's ordering retention of the documents in their present status and format until such time as the various questions raised can, if necessary, be addressed and disposed of by the Court. To the contrary, should the documents be returned to the Langston law firm or otherwise disposed of by the United States Attorney's office and the FBI, their continuing availability until appropriate order of the Court could be entered would not be assured and, if they were destroyed, irreparable harm would result.

WHEREFORE, PREMISES CONSIDERED, the plaintiffs respectfully request this Honorable Court to simply order the United States Attorney and the FBI to maintain the documents in question in their present form and configuration until further order of this Court.

Respectfully submitted, this the 2nd day of September, 2009.

> MERKEL & COCKE
> A Professional Association
> Post Office Box 1388
> Clarksdale, Mississippi 38614
> (662)-627-9641
> (662)-627-3592 telefax
>
> By: /s/Charles M. Merkel, Jr.
>   CHARLES M. MERKEL, JR. (MSB# 2884)
>   For the Plaintiffs

OF COUNSEL:

VICKI R. SLATER, MSB# 9759
VICKI R. SLATER, ATTORNEY AT LAW, P.A.
1554 LAKESIDE DRIVE
POST OFFICE BOX 23981
JACKSON, MISSISSIPPI 39225-3981
TELEPHONE: (601)987-8184
FACSIMILE: (601)987-8188

WILLIAM B. KIRKSEY, MSB# 4183
KIRKSEY & ASSOCIATES
POST OFFICE BOX 33
JACKSON, MISSISSIPPI 39205-0033
TELEPHONE: (601)354-4662
FACSIMILE: (601)354-2433

CYNTHIA I. MITCHELL (MSB #3356)
CHARLES M. MERKEL, JR. MSB# 2884
MERKEL & COCKE, P.A.
30 DELTA DRIVE
POST OFFICE BOX 1388
CLARKSDALE, MISSISSIPPI 38614-1388
TELEPHONE: (662)-627-9641
FACSIMILE (662)627-3592

## CERTIFICATE OF SERVICE

I hereby certify that on September 2nd, 2009, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Gerald H. Jacks, Esquire
Jamie F. Jacks, Esquire
Jacks, Adams & Norquist, P.A.
gjacks@jacksadamsnorquist.com
jjacks@jacksadamsnorquist.com

Hiram Eastland, Jr, Esquire
eastlandlaw@bellsouth.net

J. Cal Mayo, Jr., Esquire
Paul Bowie Watkins, Jr., Esquire
Pope S. Mallette, Esquire
cmayo@mayomallette.com
pwatkins@mayomallette.com
pmallette@mayomallette.com

Michael D. Greer, Esquire
mgreer@greerlawfirm.com
Attorney for Steve Patterson

Judson M. Lee, Esquire
jlee@ms-lawyer.net
Attorney for Ed Peters

William B. Kirksey, Esquire
mslawyer4183@aol.com
Attorney for Plaintiffs

And I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

Timothy Balducci
12739-042
FCI-Estill
Satellite Camp - Unit F
P.O. Box 699
Estill, SC 29918

/s/Charles M. Merkel, Jr.
CHARLES M. MERKEL, JR. (MSB# 2884)