# NOTICE CONCERNING WAIVER OF JUDICIAL DISQUALIFICATION

FROM:  The Clerk
911 Jackson Avenue, Room 369
Oxford, Mississippi 38655

TO:  Charles M. Merkel, Jr.
Cynthia I. Mitchell
Vicki R. Slater
Gerald Haggart Jacks
J. Cal Mayo, Jr.
Jamie Ferguson Jackson
Paul Bowie Watkins, Jr.
Pope S. Mallette
Judson Morgan Lee
Michael D. Greer
Hiram Eastland, Jr.
Timothy Balducci

RE:  *Wilson, et al. v. Scruggs, et al.*,
Case No. 3:09cv6-SA-SAA

Canon 3D of the Code of Conduct provides (with exceptions not pertinent to this case) that when a judge is disqualified in a proceeding because "the judge's impartiality might reasonably be questioned," the judge may participate in the proceeding if all the parties and lawyers, after notice of the basis for the disqualification, agree in writing to waive the disqualification under a procedure independent of the judge's participation.

Unless a waiver is obtained from all parties and all counsel, Judge Aycock intends to disqualify in this proceeding because of these circumstances:

Judge Aycock's Courtroom Deputy, Ginger McDaniel Sullivan, worked as a paralegal with the Wm. Roberts Wilson, Jr. P.A., law firm in Jackson, Mississippi, from June 2001 to February 2005. In that position, Sullivan worked under the direction of William Roberts Wilson, Jr., Charles M. Merkel, III, and Roberts Wilson, Jr. During her employment, Sullivan was familiar with and worked on issues in the lawsuit Wilson vs. Scruggs, et al, First Judicial District of Hinds County Circuit Court. This litigation was pending when she began her employment and was not resolved as of the date she left the firm. The majority of Sullivan's paralegal role was in asbestos and silica litigation. The work on the Wilson vs. Scruggs file was minor in comparison. Sullivan was not the paralegal assigned to the Wilson vs Scruggs case. Sullivan states affirmatively that she has had no discussion

      with Judge Sharion Aycock about any aspects of any worked performed while at Wilson's law firm.

      If you and your client wish to waive the judge's disqualification, letters to that effect from you and from your client must be sent to the address above by October 2, 2009. The letters should not be sent to the judge and copies should not be sent to other counsel. If all parties and all counsel submit such letters, this Notice and all responses will be made part of the record, as required by Canon 3D, and the judge will continue participation in the proceeding. If a waiver is not received from all parties and all counsel, this Notice and any responses will be kept under seal by the clerk and not shown to the judge, nor will the judge be informed of the identity of any party or lawyer who declined to waive the disqualification. If the disqualification is not waived, the case will be reassigned to another judge.