IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**WILLIAM ROBERTS WILSON, JR., and**
**ROBERTS WILSON, JR., P.C., Successor to**
**WM. ROBERTS WILSON, JR., P.A.**                                                **PLAINTIFFS**

**VS.**                                                                                                          **NO. 3:09-CV-006-DH**

**RICHARD F. SCRUGGS, RICHARD F. SCRUGGS, P.A.,**
**SMBD, INC. f/kk/a SCRUGGS, MILLETTE, BOZEMAN**
**AND DENT, P.A., SLF, INC. f/k/a THE SCRUGGS LAW**
**FIRM, P.A., EDWARD J. PETERS, STEVEN A. PATTERSON,**
**TIMOTHY BALDUCCI, DAVID ZACHARY SCRUGGS, AND**
**JOHN DOES 1 - 10**                                                         **DEFENDANTS**

## ANSWER OF RICHARD F. SCRUGGS TO CROSS CLAIM
## FILED BY STEPHEN A. PATTERSON

COMES NOW, Defendant Richard F. Scruggs ("Scruggs") and responds to the Cross Claim filed by Stephen A. Patterson ("Patterson") as follows:

1. Answering the allegations contained in paragraph 1, to the extent this paragraph alleges a cause of action for indemnity against Scruggs, those allegations are denied. The remaining allegations contained in this paragraph are not directed at Scruggs and no response is required.

2. Scruggs lacks information sufficient to admit or deny the allegations contained in paragraph 2.

3. Scruggs lacks information sufficient to admit or deny the allegations contained in paragraph 3.

4. The allegations contained in the first sentence of paragraph 4 are denied. Scruggs lacks information sufficient to admit or deny the remaining allegations contained in paragraph 4.

5. The allegations contained in paragraph 5 are denied.

6. Answering paragraph 6, Scruggs adopts and incorporates all previous responses made to this cross claim.

7. The allegations contained in paragraph 7 are denied.

8. Answering the addendum paragraph, the allegations contained therein are denied.

And now, having answered the allegations contained in Patterson's cross claim, Scruggs pleads the following affirmative defenses act as a bar to Patterson's claims.

### FIRST DEFENSE

The cross claim fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Count II of the cross claim alleging breach of settlement agreement fails for lack of consideration.

### THIRD DEFENSE

The cross claim is barred by the Doctrine of Unclean Hands.

### FOURTH DEFENSE

The claims are barred by the statute of frauds.

### FIFTH DEFENSE

Patterson's claim for punitive damages is prohibited by the due process clause of the Fourteenth Amendment of the United States Constitution and by Article 3, Section 14 of the Mississippi Constitution.

Imposition of punitive damages against Scruggs in this case would deprive Scruggs of rights secured to it by the due process clause of the Fourteenth Amendment of the United States Constitution for the following reasons:

(a)  The procedures may result in the award of joint and several judgments against multiple defendants for difference alleged acts of wrongdoing;

(b)  The procedures fail to provide means for awarding separate judgments against multiple defendants;

(c)  The procedures fail to provide a limit on the amount of the award against this defendant;

(d)  The procedures fail to provide specific standards for the award of punitive damages;

(e)  The procedures fail to provide specific standards for the amount of the award of punitive damages;

(f)  The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;

(g)  The procedures permit multiple awards of punitive damages for the same alleged conduct;

(h)  The procedures fail to provide a clear and consistent appellate standard of review of an award of punitive damages;

(i)  The procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability and compensatory damages are determined;

(j)  The standard of conduct upon which punitive damages are sought is vague, and fails to give adequate notice of the conduct prescribed.

Respectfully submitted,

JACKS, ADAMS & NORQUIST, P.A.
Attorneys for Defendant Richard F. Scruggs

By:    */s/Jamie F.* Jacks
      GERALD H. JACKS, Miss Bar No. 3232
      JAMIE F. JACKS, Miss. Bar No. 101881
      Post Office Box 1209
      Cleveland, Mississippi 38732
      Telephone: 662/843-6171

**CERTIFICATE OF SERVICE**

     I, Jamie F. Jacks, counsel for Defendant, Richard F. Scruggs, do hereby certify that I have this day electronically filed the above and foregoing document with the Clerk of the Court using the ECF system, who forwarded a copy of same to the following:

Charles M. Merkel, Jr.
Merkel & Cocke, P.A.
P.O. Box 1388
Clarksdale, Mississippi 38614

Cynthia I. Mitchell
Merkel & Cocke, P.A.
P.O. Box 1388
Clarksdale, Mississippi 38614

Vicki R. Slater
Vicki R. Slater, Attorney at Law, P.A.
P.O. Box 23981
Jackson, MS 39225-3981

J. Cal Mayo, Jr.
Pope S. Mallette
Paul B. Watkins, Jr.
Mayo Mallette, PLLC
2094 Old Taylor Road
5 University Office Park
P.O. Box 1456
Oxford, MS 38655

Judson M. Lee
P. O. Box 2629
Madison, MS 39130

Michael D. Greer
P. O. Box 907
Tupelo, MS 38802

Hiram C. Eastland, Jr.
Eastland Law Offices, PLLC
307 Cotton Street
Greenwood, MS 38930

and I certify that I have mailed the document by U. S. Mail, postage prepaid, to the following non-ECF participants:

William B. Kirksey
Kirksey & Associates
P.O. Box 33
Jackson, MS 39205-0033

Timothy Balducci
#12739-042
Satellite Camp - Unit F
P.O. Box 699
Estill, SC 29918

This, the 15th day of December, 2009.

                                                                                   */s/Jamie F*. Jacks
                                                                                       JAMIE F. JACKS